R. A. MARKS et al., *Appellants,* v. SAMUEL A. DAVIS et al., *Appellees.*

No. 18,363.

Appeal from Harvey district court. Opinion filed July 27, 1912. Affirmed.

*F. Dumont Smith,* of Hutchinson, *Fred Stanley,* and *Chester I. Long,* both of Wichita, *D. R. Hite,* and *D. W. Mulvane,* both of Topeka, for the appellants.

*Fred S. Jackson,* of Eureka, *C. W. Trickett,* of Kansas City, *C. A. Matson,* of Wichita, *F. L. Martin,* and *Howard Lewis,* both of Hutchinson, for the appellees.

*Per Curiam:* The court adheres to its ruling in the case of *The State, ex rel., v. Branine,* ante, p. 795, and since the questions involved in the present case are. political and moral in their nature, and the wrongs complained of are of a kind for which the courts are not authorized to grant .relief, the judgment of the district court dismissing the action and denying the injunction must be affirmed. The court refrains from the expression of any opinion respecting the regularity or irregularity of the conduct of any political faction or organization.

JOHNSTON, C. J., BURCH, MASON, and PORTER, JJ., concurring.

WEST, J. (concurring specially) : This case is now here regularly and properly on appeal, and presents a situation heretofore unheard of. This being so, there are no decisions arising out of similar facts by which we may be guided, and the question is one of vital and far-reaching importance.

By the Australian Ballot Act and the primary election law the legislature has made party organization, machinery, discipline and control no less possible and certain at primary elections than at general elections. Whether wisely or unwisely, the lawmaking department of the government has determined that through political parties the public servants are to be chosen, and has made it impossible for citizens who are dissatisfied with existing parties to accomplish anything until they have drawn to themselves sufficient numbers to constitute a new organization, then to be governed exactly in the same way as other parties are now governed.

As I view this case, it is this: The plaintiffs charge that

their names were procured upon the nominating papers of certain candidates by false pretenses. Were the charge made that the names were forged, a crime made a felony by the statute would be alleged. Whatever moral distinction there may be between false pretenses and forgery need not be discussed. Upon our hearing of the recent mandamus case my brethren felt convinced that this injunction suit presented no legal but only a political question. I was not so convinced, but not being sure of the contrary, I did not dissent. Since giving the matter further thought and attention, I am willing to join with my brethren in saying that the mere announcement of a candidate for presidential elector that he will not vote for the nominee of the party would not be a sufficient ground to enable the signers of his petition to maintain this suit. But to my mind the right of the signers, before the primary ballot is printed, to have their names removed, if procured by false pretenses, is probably a legal right which under the Anglo-Saxon system of law should not be a right without a legal remedy. It is also apparent that incidentally involved in this proceeding is the right of thousands of voters in this state to vote for the nominee of their party, and in my opinion the result is likely to be, to this extent, their political disfranchisement at the coming election. True, they may have a right at the primaries to select electors of their own faith, but in the inevitable confusion of names and locations on the ticket every sensible man knows that it will be difficult to cast an intelligent and effective ballot. The gentlemen in question, not following the example of the new national committeeman and withdrawing because out of harmony with the decree of the party, reply through their counsel to the claim of fraud that the nomination at Chicago was fraudulently procured. But certainly the law can not deem one fraud a justification for another, whatever the facts as to fraud may be. To my mind, the legal right to remain upon the ticket, if based alone on false pretenses, is a right too slender to be regarded with judicial favor. I may say frankly that I am not convinced by any means that the charges of false pretenses could be established upon trial, but for the purposes of this case the verified and undenied allegations must be taken as true.

The exigencies are such that sufficient time can not be taken to come to a final conclusion based on irrefragible authority and logic, and while my inclinations are as already indicated, both out of deference to the judgment of the other members of the court and because a dissent would be futile, I concur, but express

the hope that the legislature, which has so thoroughly guarded primary and general elections by statutory restrictions, both civil and criminal, will make it possible for the wrong now complained of for the first time in our history to be speedily avoided or remedied.